S     IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS FULTS,** ) | |
| ) | |
|     **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 05-cv-439-MJR** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 03-cr-30194** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
|     **Respondent/Plaintiff.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to two counts of concealing assets, in violation of 18 U.S.C. § 152(1). On January 21, 2005, he was sentenced to 18 months incarceration, three years supervised release, a special assessment of $200, and restitution of $31,190. No appeal was filed, but Petitioner later filed this § 2255 motion in which he argues that, when calculating his relevant conduct for purposes of sentencing, the Court should not have considered the dollar amount involved in separate charges pending in state court.

Petitioner acknowledged that he entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack, a fact that he clearly acknowledges in his § 2255 motion. Specifically, the plea agreement provides in relevant part:

    14.       The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

    15.       Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

. . . .

    18.       The Defendant waives any challenges to the constitutionality of the United States Sentencing Guidelines. The defendant waives any right to have facts that determine his offense level under the Guidelines be alleged in an indictment and be found by a jury beyond a reasonable doubt. The Defendant agrees that facts that determine his Sentencing Guideline offense level will be found by the Court at sentencing by a preponderance of evidence.

Plea agreement (Doc. 47, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently then the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997);  *Feichtinger*, 105 F.3d at 1190.

In this case, Petitioner does not contend that his sentence was not within the maximus provided for in the statute, nor does he contend that the Court relied upon any impermissible factors such as race or gender in determining his sentence. Rather, he argues that his sentence is invalidated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The basis for this argument is that his relevant conduct was calculated to include the dollar amount involved in a state court proceeding, an amount that was not charged in the federal indictment.[1]  However, Petitioner specifically waived this argument in his plea agreement, as recited above.  Consequently, there is no basis in the record for avoiding this waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 30th day of December, 2005.**

s/ Michael J. Reagan  
**MICHAEL J. REAGAN**  
**United States District Judge**

---

[1] Petitioner does not challenge the fact that the amount involved in the state court case was included in the amount of ordered restitution.